UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
---------------------------------------------------------X
In re:                                                                    Case No. 18-22716 (SHL)
                                                                              Chapter 13
**Francisca Quiroa De Calderon**
                                                                              MOTION
                              Debtor(s).
---------------------------------------------------------X

### THE DEBTOR'S MOTION FOR APPROVAL OF THE SALE OF RIGHT, TITLE AND INTEREST IN REAL PROPERTY FREE AND CLEAR OF ALL CLAIMS PURSUANT TO 11 U.S.C. § 363 (B) AND (F)

**TO:**   THE HONORABLE SEAN H. LANE
            UNITED STATES BANKRUPTCY JUDGE

The application of Ms. Francisca Quiroa De Calderon, the above-captioned Debtor (the "Debtor") through her counsel, Tirelli Law Group, LLC, for approval of the sale of her right, title and interest free and clear of all claims to her interest in the real property located at 144-146 Smith Street, Portchester, NY 10573 (the "Premises") pursuant to 11 U.S.C. § 363(b) and (f) and respectfully sets forth and alleges as follows:

#### BACKGROUND, ASSETS AND LIABILITIES

1.  This instant bankruptcy case was filed as a chapter 13 case in the Southern District of New York, White Plains Division on May 11, 2018.

2.  Krista M. Preuss serves as the Chapter 13 trustee (the "Trustee").

3.  The Debtor's assets consist in part of a property located at 144-146 Smith Street, Portchester, NY 10573 (hereinafter the "Premises").

4.  The Premises is encumbered by a first mortgage loan held by Partners for Payment Relief DE IV LLC, c/o SN Servicing Corporation (hereinafter "SN") (see **Proof of Claim No. 2-1** in this Court's Claim Register).

1

5. Through counsel, the parties tried to resolve the mortgage claim via Court's loss mitigation program.

6. The Premises is a four-family house where the Debtor resides with her adult daughter in one unit. The remaining three units are vacant, because the building inspector for the Village of Portchester designated the Premises to be uninhabitable due to numerous code violations specifically, the Premises is infested with rodents, cats, insects, has no running water, no heat, and electricity is only active in the single unit occupied by Debtor.

7. The building inspector further determined the structure tube in disrepair and a hazard. Only licensed contractors and the Debtor/owner are permitted to enter the Premises (a copy of the notice is attached hereto as "**Exhibit A**").

8. A local licensed contractor, Palisade View Property, Inc., a non-insider third-party (hereinafter "Purchaser") has expressed interest in acquiring the Premises. The Purchaser has provided a professional 189-page engineers report, a cost estimate of repairs by a third-party contractor, and a title company's report of outstanding violations. All said reports were provided to opposing counsel prior to the filing of this Motion, as part of ongoing negotiations.

9. The Debtor herewith provides a copy of the engineer report, by a New York State Licensed professional engineer at the firm of Heimer Engineering PC (hereinafter "Engineer") a copy of the engineer report is attached hereto as **Exhibit B.**

10. The Debtor further provides a copy of the estimated cost of curing the defects with the property, dated July 17, 2019, the total estimated cost is $652,575.00 (attached hereto as **Exhibit C**). The total cost of repairs far exceeds any market value of the Premises.

11. The Purchaser has offered to pay $150,000.00 for the Premises in as-is condition to be paid in cash, no contingencies.

12. The Purchaser further offers to assist the Debtor with relocation expenses which will further benefit the chapter 13 estate.

## THE PROPOSED SALE OF THE PREMISES

13. The Debtor seeks Courts permission to enter into an agreement to sell the Premises to the Purchaser. There is no relationship between Debtor and Purchaser.

14. A copy of the residential contract of sale is attached to the Order as Exhibit A. There are three principal terms to the Contract: (i) The asset transferred consists of the Premises described above; (ii) the purchase price is $150,000.00 to be paid as follows: $1,000.00 deposit to be held in escrow (subject to motion being granted) and balance $149,000.00 to be payable at closing; (iii) Debtor is not related to Purchaser.

15. The Premises is deemed unhabitable by the Village of Portchester, which requires a notice to be posted on the front of the home at all times (see **Exhibit A**). Furthermore, pursuant to the Engineer's report, the home has extensive water damage and penetration to the basement affecting the overall structure of the basement (Pgs. 61 and 118), the boiler is in need of a replacement (Pg. 66), the home requires a complete gut renovation as a result of extensive leakage, suspect mold, and rodent infestation (Pg. 73), old and aged sewer and plumbing system needing to be replaced (Pg. 76), the main wood girder support system is in need of major repair (Pg. 77), chimney flue pipe debris buildup, leading to hazardous conditions for buildings occupants (Pg. 78), electrical wiring issues that represent a fire, safety, and electrocution hazard (Pg. 94).

16. As a result of the afore mentioned, the Engineer gave the Premises the lowest possible rating of "Considerably Below Average" (Pgs. 140 & 141).

17. The Premises is also linked with various violations by the Village of Portchester, a copy of which is attached hereto as **Exhibit D**.

18. Due to the current state of the Premises, the water and gas are shut off until the property is brought up to habitable condition, as determined by the Village of Portchester.

19. As the Court can plainly see, based on the above-mentioned this is a "problem property" for the Debtor, and a burden to the chapter 13 estate and community at large.

20. The Debtor cannot afford the upkeep of the Premises, let alone the estimated cost of repairs required to make this home habitable again. It is clearly in the best interest of the estate, the Debtor, the Village of Portchester and the creditor, that this Premises be sold without delay.

21. Therefore, by application, the Debtor seeks an order from this Court (i) authorizing the sale of the Premises to the Purchaser to the terms set forth in the Contract; and (ii) authorizing the payment of secured debt, closing costs with any balance to be turned over to the Chapter 13 trustee, subject to any allowed homestead exemption claimed by the Debtor.

22. Selling the property will free up funds for unsecured creditors and increase the likelihood of a successful completion of a Chapter 13 Plan.

## JURISDICTION AND LEGAL ANALYSIS

23. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for the relief sought herein are Sections 105 and 363 of the Bankruptcy Code, Rule of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

4

24. Pursuant to Section 541(a) of the Bankruptcy Code, upon the filing of the Debtors' Chapter 13 petition, the Premises became property of his estate in bankruptcy.

25. Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, Debtors may sell property of the estate other than in the ordinary course of business.

26. The standard for determining whether a sale outside the ordinary course of business should be approved is whether the sale is in the best interests of the estate. Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); In re Jonosphere Clubs, 100 B.R. 670, 674-75 (Bankr. S.D.N.Y. 1989). Indeed, there must be some articulated business justification for the sale. Lionel at 1070.

27. In making this determination, a court should consider, among other factors, the amount of time elapsed since the petition was filed, the proceeds to be obtained from the disposition compared to appraisals of the property, whether the assets were increasing or decreasing in value, and whether parties opposing the sale produced evidence that the sale was not justified. In re. Thomas McKinnon Sec., Inc., 120 Bankr. 301, 308 (Bankr. S.D.N.Y. 19900.

28. If a court finds sufficient business reason for the transaction, it must then decide whether (i) notice has been given to all creditors and interested parties; (ii) the purchaser is proceeding in good faith; and (iii) the sale contemplates a fair and reasonable price. In re. Delaware & Hudson Ry. Co., 124 Bankr. 169, 176 (D.Del. 1991).

29. In applying the foregoing factors to the instant case, it is clear that the proposed sale is in the best interests of the Debtor's estate and the creditors therein. First, the Debtor was approached by a ready willing and able third-party purchaser for an amount in line with real value of the property considering all conditions here and now existing. Second, the proposed sale

will benefit the Debtor and his creditors. The claims in Debtor's estate will be reduced by the secured claims held with regards to the mortgage.

30. Moreover, Debtor does not have time or financial resources to invest in this Premises, therefore the value of the Premises is decreasing constantly. Section 363(f) of the Bankruptcy Code permits a Debtor to sell property of the bankruptcy estate free and clear of all liens and encumbrances, only if: (a) applicable non-bankruptcy law would permit such a sale: (b) the entity holding the lien consents; (c) the interest is a lien and the sales price exceeds the aggregated value of all liens; (d) the interest is in bona fide dispute; or (e) the entity holding the lien could be compelled in a legal or equitable proceeding to accept money in satisfaction of its interest.

31. It is submitted that the proposed sale satisfies Section 363(f) in that, consistent with subsection (c) the purchase price is sufficient to satisfy the secured portion of the lender.

32. Notice and a copy of this Application have been served on all parties in interest and their attorneys, if known (including the Office of the United States Trustee, the Purchaser, and all creditors that filed an appearance). It is respectfully submitted that such service is appropriate under the circumstances.

33. Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that this Court waive the requirement of the filing of a memorandum of law.

**WHEREFORE**, it is respectfully requested that the Court grant the relief requested herein and all such other and further relief as the Court deems just and proper.

**Dated**: White Plains, New York
July 26, 2019

                                        Law Offices of Tirelli Law Group, LLC

                                        By:    */s/ Linda M. Tirelli*
                                                    Linda M. Tirelli, Esq.
                                                    Attorneys for Debtor
                                                    50 Main Street, Suite 1265
                                                    White Plains, New York 10606
                                                    (914) 732-3222