# EXHIBIT D

# VILLAGE OF PORTCHESTER VIOLATIONS

# Building Department

Village of Port Chester
222 Grace Church Street
Port Chester, New York 10573
Phone (914) 939-5203 Fax (914) 939-8747
www.portchesterny.com



**Office Use Only**

Date Received __07/02/2019__

Process Date __07/16/2019__

Fee Received __$200.00__

## EXPEDITED CERTIFICATE OF OCCUPANCY, OPEN PERMIT(s), STOP ORDER(s), OPEN VIOLATIONS, & ZONING VERIFICATION REQUEST

All **EXPEDITED** Certificate of Occupancy / Open Permits / Stop Order, Open Violations, **and** Zoning verification requests must be submitted in writing, in person, or by mail. A fee of $200.00 for expedited service is applied to EACH Tax Map ID number. Please provide a description of how the property is occupied at present. Please make all checks and money orders payable to "the Village of Port Chester" No Cash, Credit or Debit accepted. Applications will not be processed without payment being received, Tax Map ID being filled out (available from assessor's office at (939-3566), or current occupancy being indicated ("*" Indicates required field). Please be advised that Building Permits and Certificates of Occupancy have been required by local law since November 14th, 1927.

### REQUESTORS / CONTACT PERSON (Recipients Info)

Requestor / Contact Name: __Sue Scentuori__

Company Name: __MDS Corp of NY__

Address: __25 Hyatt Street__

City: __Staten Island__ State: __NY__ Zip: __10304__

Phone: __914-438-3168__ Fax: __718-815-9101__

E-mail: __scentuori@aol.com__

### LOCATION / PROJECT / SITE INFORMATION:

Tax Map ID (**Must be filled out**): Section __142.37__ Block __1__ Lot __55__

Address of property (if developed): __144 Smith Street__

Current Occupancy (**Must be filled out**): __411- 6 Family__

See Following Page for Report

Occupancy Type: __Residential Group R-2__

**NOTICE OPEN VIOLATIONS**

CO Issued: __No__ Copy attached: __N/A__

Open Permit(s): __Yes__ Copy attached: __Yes__

Stop Order: __No__ Copy attached: __N/A__

NOV Issued: __Yes__ A.T. Issued: __Yes__ Copy attached: __Yes__

Current Zoning District: __R2F__ Current Authorized Use: __4 Family__

Conforming or Non-conforming Status: __Non-Conforming__

Use Regulations attached: __Yes__ Dimensional Regulations attached: __Yes__

ZBA Variances / Denials __No__ Conditions attached: __N/A__

Planning Board Approvals / Denials: __No__ Conditions attached: __N/A__

ABR Approvals / Denials: __No__ Conditions attached: __N/A__

Water Front Commission Approvals / Denials: __N/A__ Copy attached: __N/A__

Building Inspectors Signature: __KCD:la__ Date: __7/16/19__

# Building Department
## Village of Port Chester
222 Grace Church Street
Port Chester, New York 10573
Phone (914) 939-5203 Fax (914) 939-8747
www.portchesterny.com



**Office Use Only**

Date Received  07/02/2019

Process Date  07/16/2019

Fee Received  $200.00

## EXPEDITED CERTIFICATE OF OCCUPANCY, OPEN PERMIT(s), STOP ORDER(s), OPEN VIOLATIONS, & ZONING VERIFICATION REQUEST

All **EXPEDITED** Certificate of Occupancy / Open Permits / Stop Order, Open Violations, **and** Zoning verification requests must be submitted in writing, in person, or by mail. A fee of $200.00 for expedited service is applied to EACH Tax Map ID number. Please provide a description of how the property is occupied at present. Please make all checks and money orders payable to "the Village of Port Chester" No Cash, Credit or Debit accepted. Applications will not be processed without payment being received, Tax Map ID being filled out (available from assessor's office at (939-3566), or current occupancy being indicated ("*" Indicates required field). Please be advised that Building Permits and Certificates of Occupancy have been required by local law since November 14th, 1927.

### REQUESTORS / CONTACT PERSON (Recipients Info)

Requestor / Contact Name:  Sue Scentuori

Company Name:  MDS Corp of NY

Address:  25 Hyatt Street

City:  Staten Island   State:  NY   Zip:  10304

Phone:  914-438-3168   Fax:  718-815-9101

E-mail:  scentuori@aol.com

### LOCATION / PROJECT / SITE INFORMATION:

Tax Map ID (Must be filled out): Section  142.37   Block  1   Lot  55

Address of property (if developed):  144 Smith Street

Current Occupancy (**Must be filled out**):  411-6 Family

**NOTICE OPEN VIOLATIONS**

- Town of Rye Assessor's records indicate date of construction of 1900. Structure predates the village CO ordinance.
- Building Permit F-2193 issued 09/21/1950 for "Add two rooms and two baths on first floor" has expired without being closed, constituting a violation of village code. Plans are attached.
- Multiple dwelling card dated 05/10/1955 indicates use for 4 Families.
- Appearance Ticket issued 05/23/2014 for "Overcrowding and unlawful occupancy."
- Final Notice of Violation issued 10/06/2017 for "Failure to obtain required permits, failure to obtain required inspections, etc."
- Final Notice of Violation issued 12/04/2017 for "Unsafe building/Unfit for human habitation, etc."
- Final Notice of Violation issued 03/13/2018 for "Failure to obtain mandatory fire safety inspection."
- A comparison of the Town of Rye Tax Assessor records from 2009 and Building Record from 1967 indicates that an extra bathroom was added to the house. No approvals or permits have been issued for said bathroom. An addition without permits constitutes a violation of village code.
- A comparison of the Town of Rye Tax Assessor records from 2009 and Building Record from 1967 indicates that 2 extra bedrooms were added to the house. No approvals or permits have been issued for said bedrooms. An addition without permits constitutes a violation of village code.

Page 2 of 2

Building Inspectors Signature:  _____  KCD:la  Date:  7/18/19

JUSTICE COURT: VILLAGE OF PORT CHESTER
COUNTY OF WESTCHESTER: STATE OF NEW YORK
---------------------------------------------------X

**APPEARANCE TICKET & INFORMATION**

FILE # __2611__

THE PEOPLE OF THE STATE OF NEW YORK

-Against-

Francisca Quiroa De Calderon/Marvin A. Calderon

Defendant(s),
---------------------------------------------------X

**FILE**
(COPY)

## APPEARANCE TICKET

Justice Court, Village of Port Chester
350 North Main Street Port Chester, New York

| | |
|---|---|
| Defendant(s) Name | Francisca Quiroa De Calderon/Marvin A. Calderon |
| Address | 144 Smith Street, Port Chester, NY 10573 |
| Address of Violation | 144 Smith Street, Port Chester, NY 10573 |
| Tax Information | Section 142.37  Block 1  Lot 55 |

TO THE ABOVE NAMED DEFENDANT(S)

YOU ARE HEREBY directed to appear in the Justice Court of the Village of Port Chester located at 350 North Main Street, Port Chester, Westchester County, State of New York on **Thursday, June 26th, 2014 at 9:00 o'clock a.m.**; in connection with your alleged commission of the following offenses: violation of the Code of the Village of Port Chester PC-Section 151-4 (A), PC-Section 151-4 (A), PC-Section 151-5, PC-Section 151-5, PC-Section 151-7, PC-Section 151-7, PC-Section 151-11(B), PC-Section 151-11(B), PC-Section 151-11(C), PC-Section 272-16, PC-Section 272-17; and The Fire Code of New York State: FC-Section 106.1, FC-Section 107.4, FC-Section 107.4, FC-Section 605.1, FC-Section 605.1, FC-Section 610.6.2, FC-Section 610.6.2, FC-Section 610.6.2, FC-Section 610.6.2, FC-Section 1029.2, FC-Section 1029.2; and The Property Maintenance Code of New York State; PM-Section 102.3, PM-Section 102.3, PM-Section 107.1.4, PM-Section 107.1.4, PM-Section 404.5, PM-Section 404.5, PM-Section 404.5, PM-Section 704.2, PM-Section 704.2, PM-Section 704.2, PM-Section 704.2; committed on April 17th, 2014 at 144 Smith St., Port Chester, NY. **Upon your failure to appear, a warrant may be issued for your arrest.**

Dated: May 23, 2014

_____
Kevin G. Brennan, Fire Inspector

## INFORMATION

Be it known that the complainant herein Kevin G. Brennan, Fire Inspector of the Village of Port Chester accuses Francisca Quiroa De Calderon/Marvin A. Calderon of the following offenses committed at 144 Smith St., Port Chester, NY. on April 17, 2014, and each day thereafter until the present time, in the Village of Port Chester, County of Westchester.

### *The Code of the Village of Port Chester:*

1. **PC-Section 151-4(A) Permits Required: Failure to obtain required Permit(s).**

   TO WIT: failure to obtain the required permit(s) for building, mechanical, electrical, and plumbing; during investigation, basement area had a room constructed without obtaining a permit from the building department and contrary to the records in the building department.

   A person is guilty of violating Village Ordinance section 151-4(A) Permits required, when he/she alters land or moves, erects, constructs, reconstructs, demolishes, extends or alters any building or part thereof or any major feature of the equipment except in conformity with the Uniform Code, the applicable provision of the Village code, and a valid building permit having been issued.

Page 1 of 7

2. **PC-Section 151-4(A) Permits Required: Failure to obtain required Permit(s).**

   TO WIT: failure to obtain the required permit(s) for building, mechanical, electrical, and plumbing; during investigation, the third floor (attic space) contained two rooms constructed without obtaining a permit from the building department and contrary to the records in the building department.

   A person is guilty of violating Village Ordinance section 151-4(A) Permits required, when he/she alters land or moves, erects, constructs, reconstructs, demolishes, extends or alters any building or part thereof or any major feature of the equipment except in conformity with the Uniform Code, the applicable provision of the Village code, and a valid building permit having been issued.

3. **PC-Section 151-5 Construction Inspections: Failure to obtain required inspection(s).**

   TO WIT: failure to obtain the required inspection(s) necessary for construction of the room in the basement.

   A person is guilty of violating Village Ordinance section 151-5 Construction Inspections, when he/she alters land or moves, erects, constructs, reconstructs, demolishes, extends or alters any building or part thereof or any major feature of the equipment except in conformity with the Uniform Code, the applicable provision(s) of the Village code, and all required construction inspections having been conducted and passed.

4. **PC-Section 151-5 Construction Inspections: Failure to obtain required inspection(s).**

   TO WIT: failure to obtain the required inspection(s) necessary for construction of the third floor (attic space) area rooms.

   A person is guilty of violating Village Ordinance section 151-5 Construction Inspections, when he/she alters land or moves, erects, constructs, reconstructs, demolishes, extends or alters any building or part thereof or any major feature of the equipment except in conformity with the Uniform Code, the applicable provision(s) of the Village code, and all required construction inspections having been conducted and passed.

5. **PC-Section 151-7 Certificates of Occupancy: Unlawful use or occupancy of a structure or portion thereof without obtaining the proper Certificate of Occupancy.**

   TO WIT: unlawful use or occupancy within the basement room without obtaining the proper Certificate of Occupancy.

   A person is guilty of violating Village Ordinance section 151-7 Certificates of occupancy when they change the lawful occupancy of a property not in conformity with the applicable provisions of the Village code, and a valid Certificate of Occupancy not having been issued.

6. **PC-Section 151-7 Certificates of Occupancy: Unlawful use or occupancy of a structure or portion thereof without obtaining the proper Certificate of Occupancy.**

   TO WIT: unlawful use or occupancy within the rooms of the third floor (attic space) area without obtaining the proper Certificate of Occupancy.

   A person is guilty of violating Village Ordinance section 151-7 Certificates of occupancy when they change the lawful occupancy of a property not in conformity with the applicable provisions of the Village code, and a valid Certificate of Occupancy not having been issued.

7. **PC-Section 151-11(B) Fire Safety Inspection Required: Failure to Obtain Mandatory Fire Safety Inspection**

   TO WIT: Failure to obtain mandatory fire safety inspection.

   A person is guilty of violating Village ordinance section 151-11(B) when they fail to arrange for a Fire Safety and Property Maintenance Inspection as required in the Village code as mandated by Title 19 NYCRR Part 1203.

8. **PC-Section 151-11(B) Fire Safety Inspection Fee: Failure to pay required fire safety inspection fee.**

   TO WIT: failure to pay the required fire safety inspection fee.

   A person is guilty of violating Village ordinance section 151-11(B) when they fail to pay the required fire safety inspection fee.

9. **PC-Section 151-11(C) Certificate of Compliance:** Failure to obtain the required fire safety inspection certificate of compliance.

   TO WIT: failure to obtain the required fire safety inspection certificate of compliance.

   A person is guilty of violating Village ordinance section 151-11(C) when they fail to obtain the required fire safety certificate of compliance.

10. **PC-Section 272-16 Posting of identifying sign required:** Failure of owner to post identifying signs for agent or owner of Multiple Dwellings.

    TO WIT: failure of owner to post identifying signs for agent or owner of Multiple Dwellings.

    A person is guilty of violating Village Ordinance Section 272-16 when they fail to post identifying signs for agent or owner of Multiple Dwellings. It shall be the duty of the owner of a multiple dwelling as defined in the Multiple Residence Law, and the managing agent in control thereof, to cause to be posted and maintained at all times in such dwelling a legible sign provided by the owner conspicuously displayed which shall bear the name and address of the owner and managing agent.

11. **PC- Section 272-17 Change of ownership:** Failure to post a new identification sign within five days after a change of ownership.

    TO WIT: failure to post a new identification sign within five days after a change of ownership.

    A person is guilty of violating Village Ordinance Section 272-17 when they fail to post a new identification sign in accordance with the code. Any change in owner or managing agent shall necessitate the posting and maintenance of a new identification sign within five days after such a change.

### The Fire Code of New York State:

1. **FC-Section 106.1 Maintenance of Required Safeguards:** Failure to maintain required safeguards (device, equipment, system, condition, arrangement, level of protection, or any other feature) in accordance with the code.

   TO WIT: failure to maintain required safeguards; smoke and carbon monoxide detectors in common hallway, first & second floor apartments missing or not operable during inspection.

   A person is guilty of violating the Fire Code of New York State section 106.1 when they fail to maintain any required safeguards (device, equipment, system, condition, arrangement, level of protection, or any other feature) in accordance with the code.

2. **FC- Section 107.4 Unlawful Structure:** unlawful alteration and occupancy of structure.

   TO WIT: unlawful alteration and occupancy of a structure; there is unlawful alteration of the basement area space.

   A person is guilty of violating the Fire Code of New York State section 107.4 where a structure is one found in whole or in part to be occupied by more persons than permitted by this code, or was erected, altered or occupied contrary to law.

3. **FC- Section 107.4 Unlawful Structure:** unlawful alteration and occupancy of structure.

   TO WIT: unlawful alteration and occupancy of a structure; there is unlawful alteration of the third floor (attic space).

   A person is guilty of violating the Fire Code of New York State section 107.4 where a structure is one found in whole or in part to be occupied by more persons than permitted by this code, or was erected, altered or occupied contrary to law.

4. **FC-Section 605.1 Abatement of Electrical Hazards:** Modified electrical wiring which poses an electrical shock or fire hazard.

   TO WIT: modified electrical wiring which poses an electrical shock or hazard; there are finished walls in the basement area with duplex outlets, electrical wall switches and electrical light appliances without the benefit of a permit or Electrical Underwriters Certificate of Inspection.

A person is guilty of violating the Fire Code of New York State section 605.1 when it is found that electrical wiring has been modified without the benefit of proper permitting or inspections and may pose an electrical shock hazard or fire hazard.

5. **FC-Section 605.1 Abatement of Electrical Hazards:** Modified electrical wiring which poses an electrical shock or fire hazard.

    TO WIT: modified electrical wiring which poses an electrical shock or hazard; there are finished walls in the third floor (attic space) with duplex outlets, electrical wall switches and electrical light appliances without the benefit of a permit or Electrical Underwriters Certificate of Inspection.

    A person is guilty of violating the Fire Code of New York State section 605.1 when it is found that electrical wiring has been modified without the benefit of proper permitting or inspections and may pose an electrical shock hazard or fire hazard.

6. **FC-Section 610.6.2 Carbon Monoxide Alarms: Maintenance and Testing:** Failure to maintain carbon monoxide alarms, carbon monoxide detectors, and/or alarm control units in an operative condition at all times and/or to periodically tested same in accordance with the manufacturer's instructions.

    TO WIT: failure to maintain carbon monoxide alarms or detectors in an operative condition at all times or to periodically test same as per the manufacturer's instructions within the first floor apartment of 144 Smith St.

    A person is guilty of violating Section 610.6.2 of the Fire Code of New York State when they fail to properly install and maintain carbon monoxide alarms in compliance with the code.

7. **FC-Section 610.6.2 Carbon Monoxide Alarms: Maintenance and Testing:** Failure to maintain carbon monoxide alarms, carbon monoxide detectors, and/or alarm control units in an operative condition at all times and/or to periodically tested same in accordance with the manufacturer's instructions.

    TO WIT: failure to maintain carbon monoxide alarms or detectors in an operative condition at all times or to periodically test same as per the manufacturer's instructions within the second floor apartment of 144 Smith St.

    A person is guilty of violating Section 610.6.2 of the Fire Code of New York State when they fail to properly install and maintain carbon monoxide alarms in compliance with the code.

8. **FC-Section 610.6.2 Carbon Monoxide Alarms: Maintenance and Testing:** Failure to maintain carbon monoxide alarms, carbon monoxide detectors, and/or alarm control units in an operative condition at all times and/or to periodically tested same in accordance with the manufacturer's instructions.

    TO WIT: failure to maintain carbon monoxide alarms or detectors in an operative condition at all times or to periodically test same as per the manufacturer's instructions within the first floor apartment of 146 Smith St.

    A person is guilty of violating Section 610.6.2 of the Fire Code of New York State when they fail to properly install and maintain carbon monoxide alarms in compliance with the code.

9. **FC-Section 610.6.2 Carbon Monoxide Alarms: Maintenance and Testing:** Failure to maintain carbon monoxide alarms, carbon monoxide detectors, and/or alarm control units in an operative condition at all times and/or to periodically tested same in accordance with the manufacturer's instructions.

    TO WIT: failure to maintain carbon monoxide alarms or detectors in an operative condition at all times or to periodically test same as per the manufacturer's instructions within the second floor apartment of 146 Smith St.

    A person is guilty of violating Section 610.6.1 of the Fire Code of New York State when they fail to properly install and maintain carbon monoxide alarms in compliance with the code.

10. **FC-Section 1029.2 Means of Egress: Locks and Latches:** Failure to maintain egress door readily operable from egress side without the use of keys or tools.

    TO WIT: failure to maintain egress door readily operable from the egress side without the use of keys or tools in rooms being used as bedrooms preventing proper egress in the event of a fire or emergency within multiple rooms of the first floor apartment of 146 Smith St.

    A person is guilty of violating the Fire Code of New York State section 1029.2 when egress doors are not operable from the egress side without special knowledge or effort.

11. **FC-Section 1029.2 Means of Egress: Locks and Latches:** Failure to maintain egress door readily operable from egress side without the use of keys or tools.

    TO WIT: failure to maintain egress door readily operable from the egress side without the use of keys or tools in rooms being used as bedrooms preventing proper egress in the event of a fire or emergency within multiple rooms of the second floor apartment of 146 Smith St.

    A person is guilty of violating the Fire Code of New York State section 1029.2 when egress doors are not operable from the egress side without special knowledge or effort.

*The Property Maintenance Code of New York State:*

1. **PM-Section 102.3 Change of use or occupancy:** unlawful change of use or occupancy of a structure without obtaining the required certificate of occupancy.

    TO WIT: unlawful alteration and occupancy of a structure; there is unlawful alteration of the space within the basement area without obtaining a certificate of occupancy.

    A person is guilty of violating the Property Maintenance Code of New York State section 102.3 when they change the use or occupancy of any structure that would place the structure in a different division of the same group or occupancy or in a different group of occupancies unless such structure is made to comply with the requirements of the Existing Building Code of New York State.

2. **PM-Section 102.3 Change of use or occupancy:** unlawful change of use or occupancy of a structure without obtaining the required certificate of occupancy.

    TO WIT: unlawful alteration and occupancy of a structure; there is unlawful alteration of the space within the third floor (attic space) without obtaining a certificate of occupancy.

    A person is guilty of violating the Property Maintenance Code of New York State section 102.3 when they change the use or occupancy of any structure that would place the structure in a different division of the same group or occupancy or in a different group of occupancies unless such structure is made to comply with the requirements of the Existing Building Code of New York State.

3. **PM- Section 107.1.4 Unlawful Structure:** unlawful alteration and occupancy of structure.

    TO WIT: unlawful alteration and occupancy of a structure; there is unlawful alteration of the space within the basement area without obtaining a certificate of occupancy.

    A person is guilty of violating the Property Maintenance Code of New York State section 107.1.4 where a structure is one found in whole or in part to be occupied by more persons than permitted by this code, or was erected, altered or occupied contrary to law.

4. **PM- Section 107.1.4 Unlawful Structure:** unlawful alteration and occupancy of structure.

    TO WIT: unlawful alteration and occupancy of a structure; there is unlawful alteration of the space within the third floor (attic space) without obtaining a certificate of occupancy.

    A person is guilty of violating the Property Maintenance Code of New York State section 107.1.4 where a structure is one found in whole or in part to be occupied by more persons than permitted by this code, or was erected, altered or occupied contrary to law.

5. **PM-Section 404.5 Overcrowding:** Dwelling unit(s) occupied by more occupants than permitted by the minimum area requirements.

    TO WIT: dwelling units occupied by more occupants than permitted by the minimum area requirements; all rooms within the first floor apartment of 144 Smith St. side are being used as bedrooms with no living space.

    A person is guilty of violating the Property Maintenance Code of New York State section 404.5 when dwelling units are occupied by more occupants than permitted by the minimum area requirements of the code.

6. **PM-Section 404.5 Overcrowding:** Dwelling unit(s) occupied by more occupants than permitted by the minimum area requirements.

TO WIT: dwelling units occupied by more occupants than permitted by the minimum area requirements; all rooms within the first floor apartment of 146 Smith St. are being used as bedrooms with no living space.

A person is guilty of violating the Property Maintenance Code of New York State section 404.5 when dwelling units are occupied by more occupants than permitted by the minimum area requirements of the code.

7. **PM-Section 404.5 Overcrowding:** Dwelling unit(s) occupied by more occupants than permitted by the minimum area requirements.

   TO WIT: dwelling units occupied by more occupants than permitted by the minimum area requirements; all rooms within the second floor apartment of 146 Smith St. are being used as bedrooms with no living space.

   A person is guilty of violating the Property Maintenance Code of New York State section 404.5 when dwelling units are occupied by more occupants than permitted by the minimum area requirements of the code.

8. **PM-Section 704.2 Smoke Alarms:** Failure to install smoke alarm.

   TO WIT: failure to install smoke alarms within the first floor apartment of 144 Smith St. in all sleeping areas.

   A person is guilty of violating Section 704.2 of the Property Maintenance Code of New York State when they fail to properly install and maintain smoke alarms in compliance with the code.

9. **PM-Section 704.2 Smoke Alarms:** Failure to install smoke alarm.

   TO WIT: failure to install smoke alarms within the second floor apartment of 144 Smith St. in all sleeping areas.

   A person is guilty of violating Section 704.2 of the Property Maintenance Code of New York State when they fail to properly install and maintain smoke alarms in compliance with the code.

10. **PM-Section 704.2 Smoke Alarms:** Failure to install smoke alarm.

    TO WIT: failure to install smoke alarms within the first floor apartment of 146 Smith St. in all sleeping areas.

    A person is guilty of violating Section 704.2 of the Property Maintenance Code of New York State when they fail to properly install and maintain smoke alarms in compliance with the code.

11. **PM-Section 704.2 Smoke Alarms:** Failure to install smoke alarm.

    TO WIT: failure to install smoke alarms within the second floor apartment of 146 Smith St. in all sleeping areas.

    A person is guilty of violating Section 704.2 of the Property Maintenance Code of New York State when they fail to properly install and maintain smoke alarms in compliance with the code.

**Facts upon which this appearance ticket and information is based are as follows:**

Pursuant to a lawful inspection conducted by Fire Inspector, Kevin G. Brennan on 04/17/14; the above referenced premises was found to be in violation of the Code of the Village of Port Chester, and/or the New York State Uniformed Fire Prevention and Building Code.

The above allegations of fact and the source of your deponent's information are based upon the Personal observation by Fire Inspector, Kevin G. Brennan, during lawful inspections of the premise on 04/17/14. See the Vision Appraisal Technology Assessor's database & Image Mate Online for the Town of Rye, N.Y. stating ownership & land use description, here as **Exhibit A.** See Village of Port Chester, Department of Code Enforcement, Notice of Violation for Required Fire Safety Inspection issued on 07/26/14 posted on front door and mailed via certified mail, here as **Exhibit B.** See Village of Port Chester, Police Department case report showing conditions observed by police officers dispatched to 144-146 Smith St. on 04/03/14, here as **Exhibit C.** See Village of Port Chester, Department of Code Enforcement complaint sheet dated 04/04/14 showing a referral from the Port Chester Police Department for single room occupancy with locked doors and rooms converted into additional living space, here as **Exhibit D.** See photos dated 04/17/14 taken by Fire Inspector,

Page 6 of 7

Kevin G. Brennan during an inspection of the entire premises with owner, Francisca Quiroa De Calderon, showing numerous violations, here as **Exhibit E**.

PLEASE TAKE NOTICE that the People, pursuant to section 710.30 of the Criminal Procedure Law, intend to use all statements or admissions reflected herein made by the defendants to a law enforcement official.

**NOTICE THAT FALSE STATEMENTS MADE THEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.**

A list of the offenses is set out on Exhibit A, B, C, D & E hereto annexed and made a part thereof.

Dated: May 23, 2014

_____
Kevin G. Brennan, Fire Inspector

Page 7 of 7



Department of Code Enforcement
Village of Port Chester
222 Grace Church Street Suite 203
Port Chester, New York 10573

(914) 305-2552
Fax: (914) 305-2555

Certified Mail # 7017 1450 0001 1523 8227
File # 2611

# FINAL NOTICE OF VIOLATION

October 6, 2017

NAME OF OWNER(S): **Francisca Quiroa De Calderon**
OWNER'S ADDRESS: **144 Smith Street, Port Chester, NY 10573**
ADDRESS OF VIOLATION: **144 Smith Street, Port Chester, NY 10573**
**Section 142.37  Block  1  Lot  55**

On **September 27, 2017** a lawful investigation was conducted on the above referenced premises and the following violations of the Code of the Village of Port Chester, and/or New York State Uniform Fire Prevention and Building Code were observed:

### The Code of the Village of Port Chester:

1. **PC-Section 151-4(A) Permits Required:** Failure to obtain required Permit(s).

   TO WIT: There is framing, sheathings, plumbing, electrical and gas installed in the attic without the benefits of permits changing non habitable space into habitable space.

   Remedy:
   - Furnish and/or obtain all required building, mechanical, plumbing, and/or electrical, permits necessary to bring all unlawful improvements into compliance with the code, complete all work, and supply appropriate Certificate of Occupancy / Certificate of Completion; or,
   - Obtain all required building, mechanical, plumbing, and/or electrical permits necessary to remove all unlawful improvements, complete all work, and supply appropriate Certificate of Occupancy / Certificate of Completion.

2. **PC-Section 151-5 Construction Inspections:** Failure to obtain required inspection(s).

   TO WIT: There have been no construction inspections for construction in the attic.

   Remedy: Obtain all required building, mechanical, plumbing, and/or electrical construction inspection(s) for subject construction.

3. **PC-Section 151-7 Certificates of Occupancy:** Unlawful use or occupancy of a structure or portion thereof without obtaining the proper Certificate of Occupancy.

   TO WIT: There has been no Certificate of Occupancy issued for the construction in the attic.

   Remedy: Obtain the required certificate of occupancy or remove unlawful use or occupancy.

4. **PC-Section 197-12 (E) Standards for interior of structure:** *Floors, walls and ceilings:* Failure to maintain floors, walls and ceilings of every structure used for human habitation, structurally sound and maintained in a clean and sanitary condition.

   TO WIT: Site inspection noted, water leak in ceiling of kitchen in apt #2R.

   Remedy: Maintain all interior floors, walls and ceilings of every structure used for human habitation, structurally sound and maintained in a clean and sanitary condition in accordance with the code.

5. **PC-Section 197-12 (H) Standards for interior of structure:** Insect and rodent harborage: Failure to maintain the interior of every structure used for human habitation, free from insect, rodent and vermin infestation.

   TO WIT: During inspection, noted signs of roach infestation and mouse feces in the kitchen of the second floor apartment on the 146 side of the structure.

   Remedy: Maintain the interior of every structure used for human habitation, free from insect, rodent and vermin infestation, in accordance with the code.

Page 1 of 3

### *The International Fire Code:*

1. **IFC-Section 102.3 Change of Use or Occupancy:** Unlawful change of use or occupancy of a structure without obtaining the required certificate of occupancy.

   TO WIT: Uninhabitable space in the attic has been converted into habitable space without the benefits of permits or inspections.

   Remedy: Obtain the required certificate of occupancy or remove unlawful use or occupancy.

2. **IFC-Section 101.2.6.3 Maintenance of Required Safeguards:** Failure to maintain required safeguards (device, equipment, system, condition, arrangement, level of protection, or any other feature) in accordance with the code.

   TO WIT: There is no second means of egress from the attic apartment.

   Remedy: Maintain required safeguards (device, equipment, system, condition, arrangement, level of protection, or any other feature) in accordance with the code.

3. **IFC- Section 101.2.6.7.4 Unlawful Structure:** Unlawful alteration and occupancy of structure.

   TO WIT: Uninhabitable space in the attic has been converted into habitable space without the benefits of permits or inspections.

   Remedy: remove unlawful improvements and occupancy so as to bring the structure into compliance with the code.

4. **IFC-Section 304.1 Waste Accumulation Prohibited:** Unlawful accumulation of combustible waste material in buildings, structures, or upon premises.

   TO WIT: There are combustibles stored on the front porch.

   Remedy: Immediately remove unlawful accumulation of combustible waste material from buildings, structures, or from premises.

5. **IFC-Section 605.1 Abatement of Electrical Hazards:** Modified or damaged electrical wiring which poses an electrical shock or fire hazard.

   TO WIT: There has been electrical work done in the attic without the benefits of a permit to include, the installation of lights, outlets, switches and wires.

   Remedy:
   - Immediately remove all hazardous electrical installations; and,
   - Furnish and/or obtain all required building, and/or electrical, permits necessary to bring electrical system into compliance with the code, complete all work, and supply appropriate Certificate of Occupancy and/or Electrical Underwriters Certificate of Inspection.

6. **IFC-1006.2.1** Egress based on occupant load and common path of egress travel distance. Two exits or exit access doorways from any space shall be provided where the design occupant load or the common path of egress travel distance exceeds the values listed in Table FC1006.2.1.

   TO WIT: There is no second means of egress from the attic.

   Remedy: Obtain all required building permits necessary to provide the required exits, complete all work, and supply appropriate Certificate of Occupancy / Certificate of Completion.

### *The International Property Maintenance Code:*

1. **IPM-Section 101.2.7.4.4 Unlawful Structure:** unlawful alteration and occupancy of structure.

   TO WIT: There are persons occupying the uninhabitable attic that has been converted to habitable space in violation of the code. There is framing, sheathings, plumbing and electrical installed in the attic without the benefits of permits changing non habitable space into habitable space.

   Remedy: Remove unlawful improvements and occupancy so as to bring the structure into compliance with the code.

2. **IPM-Section 102.3 Change of use or occupancy:** Unlawful change of use or occupancy of a structure without obtaining the required certificate of occupancy.

   TO WIT: Uninhabitable space in the attic has been converted into habitable space without the benefits of permits or inspections.

   Remedy: Obtain the required certificate of occupancy or remove unlawful use or occupancy.

3. **IPM- Section 308.1 Infestation:** Failure of Owner to keep all structures free from insect and rodent infestation.

   TO WIT: During inspection, noted signs of roach and mouse infestation in the kitchen of the second floor apartment on the 146 side of the structure.

   Remedy: Promptly exterminate structure by approved processes that will not be injurious to human health and after extermination, take proper precautions to prevent re-infestation in accordance with the code.

4. **IPM-Section 404.4.4 Prohibited occupancy:** allowing occupancy of non-habitable space for sleeping purposes.

   TO WIT: Uninhabitable space in the attic has been converted into habitable space without the benefits of permits or inspections, to include two bedrooms.

   Remedy: Remove prohibited occupancy.

5. **IPM-Section 404.5 Overcrowding:** Dwelling unit(s) occupied by more occupants than permitted by the minimum area requirements.

   TO WIT: There are persons occupying the uninhabitable attic in violation of the code.

   Remedy:
   - Apply for and obtain all required building, plumbing, and/or electrical, permits necessary to bring dwelling unit into compliance with the code, complete all work, and supply appropriate Certificate of Occupancy / Certificate of Completion; or,
   - Reduce number of occupants.

6. **IPM-Section 704.2.1.2(2) Smoke Alarms:** Failure to supply smoke alarm in room used for sleeping purposes.

   TO WIT: There are smoke alarms missing from the bedrooms in the second floor apartment and the common stairway.

   Remedy: Properly install smoke alarm in compliance with code.

You are hereby notified that you have **Thirty (30) calendar days** from receipt of this notice of violation to remove/restore and make safe the above noted violations in the prescribed manner and/or to provide evidence that the apparent unlawful improvements were completed in accordance with the code. Further, you are hereby directed to bring the referenced violations into compliance, and arrange for a re-inspection within the aforementioned time frame. Failure to comply will result in alternative action as prescribed by Law in order to gain compliance including but not limited to a summons to appear in court. Please be advised that persons found guilty of violations to the Code of the Village of Port Chester may be subject to a fine of up to $1,400.00 per offense, and each day the violation exists shall constitute a separate and distinct violation. Violations to the New York State Uniform Fire Prevention & Building Code may be subject to a fine of $1,000.00 per offense, and each day the violation exists shall constitute a separate and distinct violation.

Please contact me if you need any additional information at (914) 305-2552 between the hours of 9:00 AM to 5:00 PM. Please govern yourself accordingly.

Respectfully,

Jody L. Leverich, Fire Inspector
JLL:jll

Cc:   Lawrence Chiulli, Director of Code Enforcement
      Lorraine Battista-Ferretti, Senior Office Assistant
      File



Department of Code Enforcement
Village of Port Chester
222 Grace Church Street Suite 203
Port Chester, New York 10573

(914) 305-2552
Fax: (914) 305-2555

Certified Mail # 7017 1450 0001 1523 8326
File # 2611

## FINAL NOTICE OF VIOLATION

December 4, 2017

NAME OF OWNER(S): **Francisca Quiroa De Calderon**
OWNER'S ADDRESS: **144 Smith Street, Port Chester, NY 10573**
ADDRESS OF VIOLATION: **144 Smith Street, Port Chester, NY 10573**
**Section 142.37  Block 1  Lot 55**

On **December 2, 2017** a lawful investigation was conducted on the above referenced premises and the following violations of the Code of the Village of Port Chester, and/or New York State Uniform Fire Prevention and Building Code were observed:

### The Code of the Village of Port Chester:

1. **PC-Section 153-1 Unsafe Building; Notice:** Unsafe Building / Unfit for Human Habitation.

   TO WIT: The structure has no running water, hot water or heat due to the boilers and water heaters being shut down due to an unsafe condition and the water supply to the house being shut down due to a leak in the main water line. . The structure has been placarded as unfit for human occupancy.

   Remedy: Immediately remove occupancy and Apply for and obtain any necessary permits to remove/repair or otherwise make safe any such unsafe building in compliance with the code, complete all work, and supply appropriate Certificate of Occupancy / Certificate of Completion.

2. **PC-Section 197-13(A) Potable water supply:** Every dwelling unit and rooming house shall be supplied with a potable water supply. There shall be adequate water and pressure at all installed hot and cold water outlets.

   TO WIT: There is no running water in the dwelling.

   Remedy: Immediately provide every dwelling unit with potable water in accordance with the code.

3. **PC-Section 197-13(B) Hot water:** Every dwelling, dwelling unit and rooming house shall have an adequate supply of hot water, properly connected to plumbing fixtures requiring hot water.

   TO WIT: There is no running water in the dwelling.

   Remedy: Immediately provide every dwelling unit with hot water in accordance with the code.

4. **PC-Section 197-13 (G) Basic facilities and services to be provided:** *Heating facilities.* Every dwelling, dwelling unit, rooming house and rooming unit occupied shall comply with the requirements of Article 10, New York State Uniform Fire Prevention and Building Code, and Westchester County Health Department regulations.

   TO WIT: The hot water heaters were shut down due to being unsafe leaving the tenants without heat.

   Remedy: Provide adequate heat; maintaining a room temperature of 68 degrees Fahrenheit (20 degrees Celsius) in all habitable rooms, bathrooms, and toilet rooms in accordance with the code.

### The International Fire Code:

1. **IFC- Section 101.2.6.7.2 Unsafe Equipment:** Unsafe equipment includes any boiler, heating equipment, elevator, moving stairway, electrical wiring or device, flammable liquid containers or any other equipment on the premises or within the structure that is in such disrepair or condition that the equipment is a hazard to life, health, property or safety of the public or occupants of the premises or structure.

   TO WIT: The boilers and water heaters were shut down due to being flooded by water from a leak.

Page 1 of 3

Remedy: remove/repair or otherwise make safe any such unsafe equipment in compliance with the code.

2. IFC- Section 101.2.6.7.3 Structure Unfit for Human Occupancy: A structure is unfit for human occupancy whenever the structure is unsafe, unlawful, or because of the degree to which the structure is in disrepair or lacks maintenance or the location of the structure constitutes a hazard to the occupants of the structure or to the public.

   TO WIT: The structure has no running water, hot water or heat due to the boilers and water heaters being shut down due to an unsafe condition and the water supply to the house being shut down due to a leak in the main water line. The structure has been placarded as unfit for human occupancy.

   Remedy: Apply for and obtain any necessary permits to remove/repair or otherwise make safe any such unsafe structure / unfit structure in compliance with the code, complete all work, and supply appropriate Certificate of Occupancy / Certificate of Completion.

3. IFC-Section 304.1 Waste Accumulation Prohibited: Unlawful accumulation of combustible waste material in buildings, structures, or upon premises.

   TO WIT: There is combustible waste stored in the right side first floor apartment and in the basement.

   Remedy: Immediately remove unlawful accumulation of combustible waste material from buildings, structures, or from premises.

4. IFC-603.7 Discontinuing operation of unsafe heating appliances. The *fire code official* is authorized to order that measures be taken to prevent the operation of any existing stove, oven, furnace, incinerator, boiler or any other heat-producing device or appliance found to be defective or in violation of code requirements for existing appliances after giving notice to this effect to any person, *owner*, firm or agent or operator in charge of the same. The *fire code official* is authorized to take measures to prevent the operation of any device or appliance without notice when inspection shows the existence of an immediate fire hazard or when imperiling human life. The defective device shall remain withdrawn from service until all necessary repairs or *alterations* have been made.

   TO WIT: The boilers and water heaters were shut down due to being flooded by water from a leak.

   Remedy: Repair or replace the unsafe heating appliance(s), so as not to create a fire hazard.

*The International Property Maintenance Code:*

1. IPM- Section 101.2.7.4.2 Unsafe Equipment: unsafe equipment within a structure or on premises that is in such disrepair or condition that it is a hazard to life, health, property or safety of the public or occupants of the premises or structure.

   TO WIT: The boilers and water heaters were shut down due to being flooded by water from a leak.

   Remedy: remove/repair or otherwise make safe any such unsafe equipment in compliance with the code.

2. IPM-Section 305.1 Interior Structure: General: Failure of occupant or owner to maintain interior structure and equipment therein structurally sound and in sanitary condition.

   TO WIT: There is combustible waste stored in the right side first floor apartment and in the basement.

   Remedy: Maintain interior structure and equipment therein structurally sound and in sanitary condition.

3. IPM-Section 308.1 Accumulation of Rubbish or Garbage: accumulation of rubbish or garbage in/on interior and/or exterior of property and premises.

   TO WIT: There is combustible waste stored in the right side first floor apartment and in the basement.

   Remedy: Remove all accumulation rubbish or garbage from interior and/or exterior of property.

4. PM-Section 504.2 Plumbing Systems Hazards: Failure to maintain plumbing system in a structure free from hazards to the occupants or the structure by reason of inadequate service, inadequate venting, cross connection, back-siphon-age, improper installation, deterioration or damage or for similar reasons.

   TO WIT: The main water line to the structure leaked and the water was shut down to the structure.

   Remedy: Apply for and obtain any necessary permits, and correct defects to eliminate the plumbing hazard.

You are hereby notified that you have Thirty (30) calendar days from receipt of this notice of violation to remove/restore and make safe the above noted violations in the prescribed manner and/or to provide evidence that the apparent unlawful improvements were completed in accordance with the code. Further, you are hereby directed to bring the referenced violations into compliance, and

arrange for a re-inspection within the aforementioned time frame. Failure to comply will result in alternative action as prescribed by Law in order to gain compliance including but not limited to a summons to appear in court. Please be advised that persons found guilty of violations to the Code of the Village of Port Chester may be subject to a fine of up to $1,400.00 per offense, and each day the violation exists shall constitute a separate and distinct violation. Violations to the New York State Uniform Fire Prevention & Building Code may be subject to a fine of $1,000.00 per offense, and each day the violation exists shall constitute a separate and distinct violation.

Please contact me if you need any additional information at (914) 305-2552 between the hours of 9:00 AM to 5:00 PM. Please govern yourself accordingly.

Respectfully,

Jody L. Leverich, Fire Inspector
JLL:jll

Cc:    Lawrence Chiulli, Director of Code Enforcement
       Lorraine Battista-Ferretti, Senior Office Assistant
       File



**Village of Port Chester**
**222 Grace Church Street**
**Port Chester, NY 10573**
**914-305-2552**

Certified Mail #    70161370000018724762
File #    2611

# FINAL NOTICE OF VIOLATION

3/13/2018

NAME OF OWNER(S):    Francisca Quiroa De Calderon
OWNER"S ADDRESS:    144 Smith St, Port Chester, NY 10573
ADDRESS OF VIOLATION:    144 Smith Street, Port Chester, NY 10573
PARCEL NO.:    142.37-1-55
OCCUPANT:    4 Unit Residential

On 11/3/2017 a lawful investigation was conducted on the above referenced premises and the following violations of the Code of the Village of ort Chester, and/or New York State Uniform Fire Prevention and Building Code were observed:

*The Code of the Village of Port Chester*

1. **PC-Section 151-11(B) Fire Safety Inspection Required:** Failure to Obtain Mandatory Fire Safety Inspection
   TO WIT: Failure to obtain mandatory fire safety inspection.
   **Remedy:** Arrange for and the required Fire Safety and Property Maintenance Inspection in accordance with the code.

2. **PC-Section 151-11(B) Fire Safety Inspection Fee:** Failure to pay required fire safety inspection fee.
   TO WIT: failure to pay the required fire safety inspection fee.
   **Remedy:** Pay required inspection fee in accordance with the code.

3. **PC-Section 151-11(C) Certificate of Compliance:** Failure to obtain the required fire safety inspection certificate of complianc
   TO WIT: failure to obtain the required fire safety inspection certificate of compliance.
   **Remedy:** Arrange for the required Fire Safety and Property Maintenance Inspection, pay the required fee, and obtain the required certificate of compliance in accordance with the code.

You are hereby notified that you have **Fifteen (15) calendar days** from receipt of this notice of violation to correct the above noted violations in the prescribed manner. Further, you are hereby directed to bring the referenced violations into compliance, and arrange for the required Fire Safety and Property Maintenance Inspection within the aforementioned time frame. Failure to comply will result in alternative action as prescribed by Law in order to gain compliance including but not limited to a summons to appear in court, and an application to the Village Of Port Chester Justice Court for a search warrant for your premises. Please be advised that persons found guilty of violations to the Code of the Village of Port Chester may be subject to a fine of up to $1,400.00 per offense, and each day the violation exists shall constitute a separate and distinct violation. Violations to the New York State Uniform Fire Prevention & Building Code may be subject to a fine of $1,000.00 per offense, and each day the violation exists shall constitute a separate and distinct violation.

Please contact me if you need any additional information at (914) 305-2501 between the hours of 9:00 AM to 5:00 PM. Please govern yourself accordingly.

Respectfully,

Joseph M. Narciso, Fire Inspector
JMN:jmn
Cc: Lawrence Chiulli, Director of Code Enforcement.
    Lorraine Cataldo, Sr. Office Assistant
    File

## ZONING

*345 Attachment 1 A*

**Village of Port Chester**
**Schedule of Regulations for Residence Districts**
**Part 1, Use Regulations**

| Type of Use | Districts | | | | | | |
|---|---|---|---|---|---|---|---|
| | R20 One-Family Residential §345-39.1 | R7 One-Family Residential §345-40 | R5 One-Family Residential §345-41 | R2F Two-Family Residential §345-42 | RA2 Multi-family Residential §345-43 | RA3 Multi-family Residential §345-44 | RA4 Multi-family Residential §345-45 |
| **Residential Uses** | | | | | | | |
| One-family dwelling | P | P | P | P | P | P | P |
| Two-family dwelling, including covered one-family dwelling on adequate lot | X | X | X | P | P | P | P |
| Multifamily dwelling, excluding cooperative or condominium dwelling | X | X | X | X | P | P | P |
| Multifamily cooperative or condominium dwelling | X | X | X | X | P | P | P |
| **Residential Facilities** | | | | | | | |
| Church or other place of worship, parish house, rectory, Sunday school, convent, seminary | SE | SE | SE | SE | SE | SE | SE |
| Park, playground or recreation facility operated by the Village of Port Chester | P | P | P | P | P | P | P |
| Residential community facility, such as library, museum or community center, operated by the Village of Port Chester | P | P | P | P | P | P | P |
| School, elementary or high, public, private or parochial, having a curriculum equivalent to that ordinarily given in public schools | P | P | P | P | P | P | P |
| **General Community Facilities** | | | | | | | |
| Hospital | X | X | X | SE | SE | SE | SE |
| Membership club, fraternal organization and similar social institutions not operated for profit | X | X | X | SE | SE | SE | SE |
| Municipal off-street parking lot or garage | X | X | X | P | P | P | P |
| Nursery school | X | X | X | SE | SE | SE | SE |
| Public utility building serving the local area only, excluding material storage or building, and general service facility | X | X | X | SE | SE | SE | SE |
| **Business Uses** | | | | | | | |
| Funeral home | X | X | X | X | SE | SE | SE |
| Hotel, motel, boatel | X | X | X | X | X | X | X |
| Marina, private, or yacht club | X | X | X | X | X | X | X |
| Office or studio of a nonresident physician, dentist, town planner, architect, engineer or similar professional person | X | X | X | X | P | P | P |
| Office, office building, bank, excluding drive-in facility | X | X | X | X | X | X | X |
| Restaurant other than drive-in, open-front, or curb-service types | X | X | X | X | X | X | X |
| Nonresident physicians office on hospital grounds in accessory building [Added 2-9-1978 by L.L. No. 3, 1978] | X | X | X | SE | SE | SE | SE |
| **Accessory Uses** | | | | | | | |
| Accommodations for not more than 2 nontransient roomers per owner-occupied dwelling unit, except in multifamily dwellings, provided that there is no separate kitchen or entrance | P | P | P | P | P | P | P |
| Customary accessory structure or use, including cultural, recreational or athletic facility, meeting room or similar accessory structure or use related to a school, church or other place of worship. | P | P | P | P | P | P | P |
| Home occupation | SE | SE | SE | SE | SE | SE | SE |
| Home professional office or studio of a physician, dentist, architect, engineer or similar professional person | P | P | P | P | P | P | P |
| Personal service shops not exceeding 500 square feet in area designed to serve only residents and nonresidential occupants, with a total area not exceeding 40,500 square feet or 20,000 square feet in any 1 building | X | X | X | X | X | X | X |
| Private garage or private off-street parking space, in accordance with §§ 345-14 and 345-23 [Amended 4-26-1989 by L.L. No. 10, 1989] | P | P | P | P | P | P | P |
| Private swimming pool | P | P | P | P | P | P | P |
| Sign, in accordance with § 345-15 | P | P | P | P | P | P | P |

**NOTE:**
P = permitted use
SE = special exception use
X = prohibited use
All unlisted uses are prohibited in all districts.

## ZONING

### 345 Attachment 1B

**Village of Port Chester**
**Schedule of Regulations for Residence Districts**
**Part 2, Dimensional Regulations**

|  | Districts | | | | | | |
|---|---|---|---|---|---|---|---|
|  | R20 One-Family Residential §345-39[1] | R7 One-Family Residential §345-40 | R5 One-Family Residential §345-41 | R2F Two-Family Residential §345-42 | RA2 Multi-family Residential §345-43 | RA3 Multi-family Residential §345-44 | RA4 Multi-family Residential §345-45 |
| **Maximum Floor Area Ratio** | | | | | | | |
| (See definition, § 345-2) | 0.35 | 0.5 | 0.6 | 0.7 | 0.9 | 1.5 | 2.0 |
| **Minimum Size of Lot:** | | | | | | | |
| Area, total (square feet) | 20,000 | 7,500 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 |
| Area per dwelling unit (square feet) | 20,000 | 7,500 | 5,000 | 2,500 | 1,500 | 750 | 750 |
| Width (feet)(c) | 125 | 70 | 50 | 50 | 50 | 50 | 50 |
| Depth (feet) | 150 | 100 | 100 | 100 | 100 | 100 | 100 |
| **Minimum Yard Dimensions:** | | | | | | | |
| Front (feet)(d) | 40 | 30 | 25 | 20 | 50 | 20 | 25 |
| Side | | | | | | | |
| One (feet) | 15 | 10 | 8 | 8 | 25 | (a) | (b) |
| Total of 2 on interior lot (feet) | 40 | 20 | 14 | 14 | 50 | | |
| Rear (feet) | 40 | 30 | 30 | 30 | 25 | 30 | 30 |
| **Maximum Height of Building:** | | | | | | | |
| In stories | 2½ | 2½ | 2½ | 2½ | 3 | 6 | 7 |
| In feet | 35 | 35 | 35 | 35 | 40 | 60 | 70 |
| **Minimum Usable Open Space** | | | | | | | |
| For each dwelling unit (sq. ft.) | 5,000 | 3,500 | 2,000 | 800 | 400 | 400 | 400 |

NOTES:
(a) Each twenty-five (25) feet or one-half (½) the height of the building, whichever shall be the greater, except that one-and two-family dwellings shall have yards of not less than eight (8) feet.
(b) Each twenty (20) feet or one-half (½) the height of the building, whichever shall be greater, except that one-and two-family dwellings shall have yards of not less than thirty (30) feet.
(c) Minimum usable open space on the open deck at the top of the base structure.
(1) One hundred (100) square feet for each dwelling unit and for each hotel, motel or boatel room designed for the overnight accommodation of guests.
(2) All structures shall be set back at least ten (10) feet from the water's edge along the Byram River and the Byram River Cove; provided, however, that cantilevered structures at least thirteen and one-half (13½) feet above the ground level may project not more than ten percent (10%) into such area. Such setback area shall be made available as a landscaped public pedestrian walk in addition to such permitted use as it may accommodate.
(c) Must be maintained from the minimum front yard depth to the rear lot line.
(d) Section 345-101 must be complied with.

NR = none required
[1] [Added 9-5-1995 by L.L. No. 6-1995.]